In AGO 076-160 I noted that the Interdepartmental Coordinating Council created by s. 20.18(5), F. S., has been expressly assigned by s.163.3204, F. S., the duty of cooperating and assisting local governments in the preparation and adoption of their comprehensive plans or elements or portions thereof, as provided by the Local Government Comprehensive Planning Act. In so noting I stated that, absent legislative authorization for the department also to provide this particular service to local governments, the express assignment of this particular service to the council and the other bodies enumerated in s. 163.3204, F. S., acted in effect as a prohibition against the department or any other body or agency exclusively providing those services. However, it has come to my attention that this portion of the opinion has been and may be misconstrued to represent that the Department of Community Affairs may not, in any manner, assist local governments in their efforts to comply with the Local Government Comprehensive Planning Act of 1975 and that it has the force of negating the powers and duties assigned to the department in s. 163.03, F. S., particularly subsection (1)(j) and (m) thereof. This assertion is incorrect, and the language utilized in AGO 076- 160 is not, in my view, susceptible to that interpretation. The opinion does not operate to preclude the department from fully exercising its powers under s. 163.03, F. S., in assisting local governments in general planning and zoning. Thus, the restriction questioned is quite narrow with respect and in comparison to the remaining statutorily granted powers of the department and should not be read so as to prevent the department from exercising those remaining powers, which include aiding and technically assisting local governments in their efforts to generally comply with the Local Government Comprehensive Planning Act except and only in regard to the actual preparation and adoption of the local plan.